UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| RONALD D. GEDDA, ) | Case No. 6:13-bk-02238-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| RICHARD B. WEBBER, II, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 6:14-ap-00001-KSJ |
| ) | |
| CYNTHIA ANN CABRERA, ) | |
| VIJAY R. PATEL, and PBI BANK, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION DENYING**
**TRUSTEE'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

The Chapter 7 Trustee, Richard B. Webber II, seeks a preliminary injunction[1] to protect the proceeds of a promissory note he believes the Debtor, Ronald Gedda, fraudulently transferred to his wife and Defendant, Cynthia Ann Cabrera. Debtor opposes the preliminary injunction arguing the Trustee has failed to establish the irreparable harm needed to justify such an injunction. The Court agrees and denies the Trustee's motion.

On January 1, 2014, the Trustee filed this adversary proceeding against the Defendants, Cynthia Ann Cabrera, Vijay R. Patel, and PBI Bank, Inc., seeking to recover fraudulent transfers.[2] The transfers revolve around a sizeable promissory note for $1,450,000 initially made

---

[1] Doc. No. 42.
[2] Doc. No. 1. The operative complaint is the Trustee's Second Amended Complaint. Doc. No. 136.

by Defendant Patel (the "Note") to the Debtor on January 1, 2009.[3] The Trustee alleges the Debtor fraudulently transferred the Note to Cabrera in July 2012, shortly after her marriage to the Debtor.

Plaintiff waited over six months, until June 13, 2014, to file his Motion for a Preliminary Injunction to obtain current and future payments made by Patel under the Note.[4] The Trustee essentially seeks an injunction preventing Cabrera from receiving or dissipating payments under the Note until this litigation is resolved. Debtor opposes the request arguing no irreparable harm was demonstrated by the Trustee. The Court held an evidentiary hearing on the motion on January 16, 2015.[5]

To get the requested preliminary injunction, the Trustee must prove: (1) a substantial likelihood of success on the merits; (2) the existence of an irreparable harm; (3) that the threatened harm outweighs any damage the injunction may cause the Debtor; and (4) that the injunction is in the public interest.[6] "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites."[7]

Whether irreparable harm exists hinges on whether any alternative, adequate legal remedies are available to the Trustee.[8] "The critical question is whether there exists an adequate remedy at law, not whether the moving party prefers one remedy to another."[9] "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of

---

[3] Plaintiff's Ex. 1.
[4] Doc. No. 42.
[5] At the evidentiary hearing, the Trustee testified, and the parties additionally submitted exhibits including deposition designations of Cabrera, the Debtor, David L. Shadburne (Defendant PBI's Corporate Representative), Mason McCauley, Jason Gedda (the Debtor's son), and William Gambert. The Debtor objected to portions of the depositions of Shadburne, McCauley, and Jason Gedda. (Doc. Nos. 130–32.) The bulk of the Debtor's objections relate to relevancy. The Court concludes the testimony is relevant and will overrule the Debtor's objections *in toto*.
[6] *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1210 (11th Cir. 2003).
[7] *Id.*
[8] *Menotte v. Willis (In re Willis)*, 411 B.R. 783, 786 (Bankr. S.D. Fla. 2009).
[9] *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 503-04 (11th Cir. 2007). (internal marks omitted).

a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."[10]

The Trustee's justification for the preliminary injunction is to prevent Cabrera from squandering the proceeds of the Note when those proceeds should go to pay creditor claims. Although the Court sympathizes with the Trustee's concern, he has alleged no irreparable harm. "Even where the party seeking injunctive relief alleges that the opposing party may dissipate bank assets, a judgment for money damages is adequate and injunctive relief is improper, notwithstanding the possibility that a money judgment will be uncollectible."[11]

The Trustee's harm may be alleviated through a money judgment for damages against Cabrera. The Trustee has failed to establish that any irreparable harm, with one exception. The Debtor's attorney shall retain the original Note pending the final resolution of this adversary proceeding to prevent its loss and possible further transfer. Otherwise, the Court exercises no control over payments or other proceeds of the Note currently in possession of the Debtor's attorney or to be paid between now and the conclusion of this adversary proceeding. The Trustee's motion for preliminary injunction is denied.

A separate order shall be entered simultaneously with this Memorandum Opinion.

**DATED:** March 16, 2015.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Ryan Reinart, Attorney for Plaintiff, is directed to serve a copy of this Memorandum Opinion on interested parties and file a proof of service within 3 days of entry of the Memorandum Opinion.

---

[10] *Id.* at 504 (internal quotation omitted).
[11] *Weinstein v. Aisenberg*, 758 So. 2d 705, 706 (Fla. 4th DCA 2000), *certified question dismissed*, 767 So. 2d 453 (Fla. 2000); *see SME Racks*, 243 F. App'x at 504 ("[I]f an injury can be 'undone through monetary remedies,' it is not irreparable."); *Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, No. 10-62115-CIV, 2010 WL 4810847, at *5–6 (S.D. Fla. Nov. 19, 2010).